**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.S.H.M., | No. 1:25-cv-01309 JLT SKO (HC) |
| Petitioner, | A-Number: 240-603-978 |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 22) |
| MINGA WOFFORD, et al., | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, ENJOINING RESPONDENTS FROM RE-DETAINING PETITIONER, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondents. | |

J.S.H.M. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) On October 16, 2025, the Court granted Petitioner's request for a preliminary injunction, finding Petitioner is likely to succeed on the merits of his habeas claim that his re-detention without a pre-deprivation hearing violated his rights under the Due Process Clause of the Fifth Amendment. (*See* Doc. 15 at 4–27.) The Court ordered Respondents to provide Petitioner with a bond hearing before an immigration judge. (*Id*. at 27.) Thereafter, Respondents confirmed that the hearing had been provided and that Petitioner had been released on bond. (Doc. 17.) The Government waived further briefing on the merits of the petition. (Doc. 10 at 1 ("The United States also submits this brief as response to the habeas petition itself.").)

1

Afterward, this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On March 9, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition. (Doc. 22.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 21 days. (*Id*.) Over 21 days have passed, and no party has filed objections.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 9, 2026, (Doc. 22), are **ADOPTED** in full.

2. The petition for writ of habeas corpus is **GRANTED**.

4. Respondents are **PERMANENTLY ENJOINED[1] AND RESTRAINED** from re-detaining Petitioner unless his re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a flight risk or danger to the community.

5. The Clerk of Court is directed to enter judgment and close the case.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **April 30, 2026**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.